Matthias, J.
The question presented in tbis case is whether tbe plaintiff, under tbe facts disclosed by tbe record, bad a valid and enforceable claim against *555 the defendant for furnishing additional materials and performing additional labor required to meet physical conditions unforeseen by either of the parties at the time plaintiff’s bid was made and accepted, and also at the time the contract for such improvement was entered into-. •
It is contended by counsel that defendant is not liable in this action, first, because no contract was entered into for such extra materials and labor as required by the provisions of Sections 4331 and 4332, General Code, and, second, because of failure to observe the provisions of Section 3806, General Code, no certificate having been filed that the money required to meet the expense of such additional labor and material was in the city treasury unappropriated to any other purpose. These sections provide as follows:
“Sec. 4331. "When it becomes necessary in the opinion of the director of public service, in the prosecution of any work or improvement under contract, to make alterations or modifications in such contract, such alterations or modifications shall only be made upon the order of such director, but such order shall be of no effect until the price to be paid for the work and material, or both, under the altered or modified contract, has been agreed upon in writing and signed by the contractor and the director on behalf of the corporation, and approved by the board of control, as provided by law.
“Sec. 4332. No contractor shall be allowed to recover anything for work or material, caused by any alteration or modification, unless the contract is made in such manner, nor shall he be allowed, or recover for such work and material, or either, more *556 than the agreed price. The general provisions of law relating to the requiring of bids and the awarding of contracts for public buildings, and improvements, so far as they apply, shall remain in full force and effect.”
These sections provide that alterations or modifications of a public-improvement contract can be made only when in the opinion of the director of public service the same become necessary, and even then the price therefor must be agreed upon, and that there can be no recovery by a contractor for work or material caused by the alteration of a contract unless the same be agreed to in writing, as therein provided. That the original contract involved in this case was entered into in the manner required by the provisions of Section 4328, General Code, is not questioned. It is to be observed that that contract by its own terms makes provision for such alterations or changes in the work as its progress may demonstrate are necessary. That provision is set forth in full in the foregoing statement. It is there provided that “The city also reserves the right to change or modify the plans or specifications for any portion of the work * * * by notifying the contractor' of its intention, and the contractor shall in such case follow the instructions of the engineer.” These provisions were undoubtedly inserted by reason of the character of the undertaking and the possibility of encountering conditions then unknown which would possibly affect not only the extent of the work but the class of materials required. Here, then, was anticipated in the contract the possibility of the necessity of a change of plans and specifications, and the plans and specifications *557 were changed, not by or through the execution of a new contract, but under and by virtue of the very provisions of the original contract itself; and therein the price was agreed upon, that is it was agreed that the contractor should be paid in proportion to the increase in the work. That provision of the contract is as follows: “If the changes increase the amount of work or material, the contractor will be paid in proportion to the increase. If such changes decrease the quantity of work or material, a proportionate reduction shall be made from the contract price for the work.” The compensation to be paid was, therefore, based upon a price fixed as a result of competitive bidding, and was not left to the subsequent agreement of the parties when it might be possible for either to take advantage of the situation of the other.
There are numerous authorities, most of which deal with the obligations of sureties, and therefore strictly construed, which hold that the alteration of plans and specifications under a reservation in the contract expressly providing therefor is not to be regarded as a modification or alteration of the contract. Among the many cases in which this proposition is discussed we cite: Coyle v. U. S. Gypsum Co., 64 Okl., 153, 166 Pac. Rep., 394; School Dist. No. 3 of Ford County v. DeLano, 96 Kans., 499, 152 Pac. Rep., 668, and Doyle v. Faust, 187 Mich., 108, 153 N. W. Rep., 725.
The record discloses not only the physical impossibility of proceeding in accordance with the plans and specifications in the respect heretofore referred to, but also the absolute necessity of making the change therein which was made upon the finding and *558 pursuant' to the written direction of the engineer and the director of public service.
The decisions of this court in the cases of Kerr v. City of Bellefontaine, 59 Ohio St., 446, Frisbie Co. v. City of East Cleveland, 98 Ohio St., 266, and others of like import and tenor, sufficiently answer the contention that Section 3806, G-eneral Code, has application to a proceeding and improvement of the character involved in this action and operates to bar a recovery, in view of the fact that there has been no amendment to the statute which would require a holding contrary to that announced in the cases referred to.

Judgment affirmed.

Hough, Robinson and Jones, JJ., concur.
Clark, J., dissents.
Wanamaker, J., took no part in the consideration or decision of the case.